Petition for Appeal as a Matter of Right or, in the alternative, Petition for Leave to Appeal Denied.
Thomas, J., joined by Kilbride and Burke, JJ., dissenting from the court's denial of petition for leave to appeal. Dissent attached.
JUSTICE THOMAS, dissenting from the court's denial of the petition for leave to appeal:
¶ 1 In this case, plaintiffs challenged the passage of Public Act 100-538 (eff. Jan. 1, 2018), which amended the Illinois Public Aid Code to reverse the prohibition on funding of elective abortions by the State of Illinois's Medicaid system. Plaintiffs argued that the appropriation of funds in furtherance of Public Act 100-538 violated section 2(b) of article VIII of the Illinois Constitution (111. Const. 1970, art. VIII, § 2 (b) ), as well as section 4(a) of the Commission on Government Forecasting and Accountability Act (the Act) ( 25 ILCS 155/4(a) (West 2016) ), because the General Assembly did not adopt a revenue estimate that covered the costs of the services proposed by the bill that became Public Act 100-538. The appellate court affirmed dismissal of the plaintiffs claim, finding that it was a "political question" that was not justiciable. 2018 IL App (4th) 180005-U, ¶ 49, 2018 WL 4510170. A majority of this court denies plaintiffs petition for leave to appeal before this court.
¶ 2 The issue of what constitutes the parameters of the political-question doctrine is of such vital importance that it should be resolved by the Supreme Court of Illinois and not simply left to the appellate court to grapple with. In the leading case describing the doctrine, the United States Supreme Court observed that the political-question doctrine is "one of 'political questions,' not one of 'political cases,' " and "[t]he courts cannot reject as 'no law suit' a bona fide controversy as to whether some action denominated 'political' exceeds constitutional authority." Baker v. Cart; 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Here, the appellate court concluded that the legislature's compliance with section 2(b) of article VIII of our constitution and section 4(a) of the Act is a political question and therefore not justiciable. That conclusion is undoubtedly of sufficient importance to the people of the state of Illinois as to compel this court's review. I would therefore grant the petition.